FILED
99 JAN -7 PM 4: 50
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RONALD K. DRUCKER, on behalf of }
himself and all others similarly }
situated, }
}
    Plaintiff, }
}
v. } CASE NO. CV 97-B-1578-S
}
JUST FOR FEET, INC.; HAROLD J. }
RUTTENBERG; DON ALLEN }
RUTTENBERG; SCOTT C. WYNNE; }
ROBERT C. WABLER; PAMELA B. }
RUTTENBERG; ADAM GILBURNE; }
WILLIAM BLAIR & COMPANY; }
MONTGOMERY SECURITIES, }
}
    Defendants. }

ENTERED
JAN - 7 1999

## MEMORANDUM OPINION

Currently before the court is the unopposed Motion of plaintiff Ronald K. Drucker ("Drucker") For an Appointment as Lead Plaintiff and for Approval of Selection as Lead Counsel. Upon consideration of the record and the relevant law, the court is of the opinion that plaintiff's motion is due to be granted.

### DISCUSSION

I.    **Motion For an Appointment as Lead Plaintiff**

On June 27, 1997, Drucker filed this class action lawsuit, on behalf of himself and all others similarly situated, against defendants for violations of the Securities Act of 1933 and the Alabama Securities Act. Drucker now moves the court, pursuant to the Private Securities

36

Litigation Reform Act of 1995 ("PSLRA")[1] for appointment as lead plaintiff in the above-styled class action lawsuit.

The PSLRA established a procedure for selecting a lead plaintiff to oversee class actions alleging violations of the Securities Act. Specifically, § 27(a)(3)(A)(i) of the PSLRA provides that, within twenty days after the date on which a class action is filed under either Act:

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class — (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i).

The PSLRA also establishes a rebuttable presumption to guide the court's determination of which proposed class representative is the "most adequate plaintiff" to serve as lead plaintiff. That rebuttable presumption is set forth in § 27(a)(3)(B)(iii)(I) of the PSLRA, which states:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that--
>
> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial

---

[1] On December 22, 1995, Congress amended the Securities Act of 1933. These amendments are contained in Public Law 104-67, entitled the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

>
> interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).

The court finds that Drucker has fulfilled the requirements under the PSLRA to be appointed lead plaintiff in this action. The evidence reflects that, on July 1, 1997, plaintiff issued a press release (the "Notice") over the Business Wire, a national, business-oriented wire service, that apprized Just For Feet investors of the pendency of this action. (Sugarman Aff., Ex. 3.)[2] The Notice advises members of the proposed class of their right to make a motion before this court to serve as lead plaintiff or plaintiff. (*Id.*) The Notice further informs class members that any such motion is required to be filed no later than sixty days from the date of publication of the notice. (*Id.*) By issuing this press release, Drucker fulfilled his responsibility under § 27(a)(3)(A)(i) of the PSLRA.

The court also finds that Drucker has satisfied all the elements of the rebuttable presumption test outlined in § 27(a)(3)(B)(iii) of the PSLRA. Drucker has satisfied the first prong of that test by filing the Complaint and filing this motion to be appointed lead plaintiff.

With respect to the second prong of that test, Drucker purchased 400 shares of Just For Feet's common stock at $51.375 per share. (Sugarman Aff., Ex. 4,5.) Because the evidence shows that the share price of Just For Feet's common stock has dropped to $16.5625 at the

---

[2] Plaintiff's evidence is submitted as Exhibits 1-8 attached to the Affidavit of Robert P. Sugarman. The court will refer to such evidence as "Sugarman Aff.," followed by the Exhibit number and page number, where applicable.

3

time this suit was brought, Drucker has a significant financial interest in this case. (Sugarman Aff., Ex. 4.) Furthermore, no other class member or litigant has claimed a larger financial interest in this case. Therefore, the court finds that Drucker has satisfied the second prong of rebuttable presumption test.

Finally, with respect to the third prong of the rebuttable presumption, Drucker has demonstrated that he fulfills all of the relevant requirements for class representatives under FED. R. CIV. P. 23. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification, only two - typicality and adequacy - directly address the personal characteristics of the class representative. Consequently, the court will limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

The court finds that Drucker satisfies the typicality requirement of Rule 23. Drucker alleges in his Complaint that defendants engaged in violations of the 1933 Securities Act during the course of the Class Period. (Compl. ¶ 1,3.) Drucker specifically claims that the financial statements presented by defendants in the registration statements and prospectus were materially misleading, to the injury of investors who purchased shares of Just For Feet

common stock in the Offering. (Compl. ¶ 10.)

As Drucker contends in his brief, the claims asserted by Drucker in his Complaint are based upon the same facts and circumstances as those of all members of the Class. As a result, Drucker's claims "arise from the same course of conduct that gave rise to the claims of the class [he] seek[s] to represent and are based on the same legal or remedial theory." *CV Reit, Inc. v. Levy*, 144 F.R.D. 690, 697 (S.D. Fla. 1992)(citations omitted); *accord, Mack v. General Motors Acceptance Corp.*, 169 F.R.D. 671, 675 (M.D. Ala. 1996) ("'typicality' exists when a plaintiff's injury arises from or is directly related to a wrong to a class and that wrong includes the wrong to the plaintiff.")(citations omitted). Therefore, Drucker satisfies the typicality requirement of Rule 23.

The court further finds that Drucker will fairly and adequately represent the interests of the Class. The "adequacy" requirement of Rule 23 is measured by a two-pronged test. First, the representatives must not possess interests which are antagonistic to the interests of the Class. Second, the representative's counsel must be qualified, experienced, and generally able to conduct the proposed litigation. *See Reit*, 144 F.R.D. at 698, citing *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726 (11th Cir. 1987); *accord, In re Amerifirst Sec. Lit.*, 139 F.R.D. 423, 429 (S.D. Fla. 1991).

Drucker states in his Complaint that he is aware of no interest he possesses with respect to this litigation that is at odds with the objectives of the Class as a whole. (*See* Compl. ¶ 27(c).) As detailed in the Complaint, the claims that Drucker will pursue in this litigation share numerous common questions of law and fact with the claims of other members of the Class. (*See id.* ¶ 27(b)(1)-(5).) Thus, in order to prove his claims, plaintiff will have to elicit

proof sufficient to establish the claims of absent class members. In addition, the substantial purchases of Just For Feet common stock made by Drucker pursuant to the Offering provides him with strong incentives to achieve as great a recovery for the Class as possible in this action. Thus, the court concludes from the existing record that Drucker has no interests that should prevent him from serving as class representative.

With respect to the second prong of Rule 23(a)(4)'s adequacy requirement, the evidence suggests that the counsel selected by Drucker is qualified to prosecute this action. The resumes of the firms Drucker has chosen to represent him as co-lead counsel show that they possess significant experience in shareholder and other class action litigation. (*See* Sugarman Aff., Ex. 6-8.) Therefore, both prongs of Rule 23(a)(4)'s adequacy requirement are satisfied by Drucker, and the PSLRA dictates that Drucker should be appointed lead plaintiff in this action.

## II.     Plaintiff's Choice of Lead Counsel

The recent amendments to the Securities Act vest authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the court. *See* 15 U.S.C. § 77z-1(a)(3)(B)(v). The legislative history of the PSLRA suggests that the court should not disturb the lead plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." *See* 141 Cong. Rec. H13691-08, at H13700 (daily ed. Nov. 28, 1995).

The court concludes that there is no reason to disturb plaintiff's choice of counsel in this action. The evidence shows that the attorneys chosen by plaintiff to represent him and the Class are experienced in the area of shareholder class action litigation. (Sugarman Aff., Ex. 6-8.) Therefore, Drucker's Motion for Approval of Choice of Lead Counsel is due to be

granted.

## CONCLUSION

In accordance with the foregoing, the court concludes that Drucker's Motion for an Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel is due to be granted. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 7th day of January, 1999.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

7